# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
June 2000 Session

## STATE OF TENNESSEE v. GDONGALAY PARLO BERRY

**Appeal from the Criminal Court for Davidson County**
**No. 97-A-196    J. Randall Wyatt, Jr., Judge**

---

**No. M1999-01901-CCA-MR3-CD - Filed August 31, 2000**

---

The defendant appeals his jury convictions of two counts of aggravated robbery for which he is serving two consecutive nine-year sentences. The defendant raises the following issues: 1) whether the evidence was sufficient to support his convictions; and 2) whether the trial court properly ordered the defendant's sentences to be served consecutively. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

William C. Roberts and Robert L. Marlow, Shelbyville, Tennessee, for the appellant, Gdongalay Parlo Berry.

Paul G. Summers, Attorney General and Reporter; Todd R. Kelley, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Katrin N. Miller, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On the night of February 12, 1996, between 7:00 and 8:00 p.m., the defendant and two other individuals were walking near Tennessee State University. The three individuals walked to the university and entered the student activity center. Shortly after arriving at the activity center, the defendant and one of the two individuals entered the men's bathroom. The defendant was wearing a ski mask.

At the time the defendant entered the bathroom, Noah Poellnitz was in the bathroom preparing to leave. The defendant pointed a gun at Poellnitz and demanded his wallet and coat. The defendant then told Poellnitz to take off all of his clothes. Minutes later Shelton Clerk, Poellnitz's

roommate ,entered the bathroom. After entering the bathroom, Clerk was also told by the defendant to take off his clothes. With the gun pointed at Clerk, he complied with the defendant's demands. Clerk turned over his clothes and car keys. The two victims were then put inside one of the bathroom stalls, and the defendant and the two individuals fled.

The police subsequently searched the residence of the two individuals who were with the defendant on the night of the robberies. During the search the police found the jacket stolen from Poellnitz and the ski mask worn by the defendant during the robberies. One of the individuals who was with the defendant on the night of the robberies was taken to the police station for questioning. He identified the defendant as the individual who wore the ski mask and brandished the weapon.

The police later questioned the defendant. One officer testified the defendant claimed that he was not the individual wearing the ski mask and brandishing the gun, but was merely standing behind the door in the bathroom. The other officer testified that the defendant "confessed that he had committed [the] robbery."

The defendant offered no proof at the trial.

Based upon testimony given at trial, the defendant was convicted by a Davidson County jury of two counts of aggravated robbery, Class B felonies. The defendant was sentenced to two consecutive nine-year sentences as a standard offender.

This case now comes before this court on direct appeal. The defendant raises two issues: 1) whether the evidence presented at trial was sufficient as a matter of law to sustain the defendant's two convictions for aggravated robbery; and 2) whether the trial court properly ordered the defendant's sentences to be served consecutively. After reviewing the record, we affirm the defendant's convictions and hold that the trial court properly ordered the defendant to serve the sentences consecutively.

## SUFFICIENCY OF THE EVIDENCE

The defendant contends that the evidence is insufficient as a matter of law to sustain his two convictions for aggravated robbery. We disagree.

A.      Standard of Review

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. *Id.* This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom

are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

B.      Analysis

According to one of the officers, the defendant confessed to the robberies. According to another officer, the defendant admitted to being in the bathroom, but contended that he was not the individual who wore the ski mask and brandished the gun during the robberies.

One of the two individuals who was with the defendant on the night of the robberies testified that he heard the defendant tell the two victims to give him their possessions and take off their clothes. The witness also testified that the defendant had the gun when he entered the bathroom, and he saw the defendant wearing a ski mask and pointing the gun at the victims. Further, the witness also testified that the defendant was not the individual standing behind the door in the men's bathroom. Finally, the witness testified that the defendant and the defendant's accomplice exited the bathroom carrying two coats, some pants and shoes.

Viewing the evidence in a light most favorable to the state, as we must, a rational trier of fact could conclude that the defendant took property from the two victims by the use of a deadly weapon. *See* Tenn. Code Ann. § 39-13-402(a)(1). This issue is without merit.

## CONSECUTIVE SENTENCING

A court may order sentences to run consecutively if the court finds by a preponderance of the evidence that:

(1) [t]he defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;

(2) [t]he defendant is an offender whose record of criminal activity is extensive;

(3) [t]he defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) [t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) [t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) [t]he defendant is sentenced for an offense committed while on probation; or

(7) [t]he defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b); *see also* State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995).

Specific findings that an extended sentence is necessary to protect society and is reasonably related to the severity of the offenses are prerequisites to consecutive sentencing under the "dangerous offender" category in Tenn. Code Ann. § 40-35-115(b)(4). State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995). However, such specific factual findings are not required for the other categories of Tenn. Code Ann. § 40-35-115(b). State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999). Nevertheless, the general principles of sentencing require that the length of sentence be "justly deserved in relation to the seriousness of the offense" and "be no greater than that deserved for the offense committed." *Id.* at 460 (citing Tenn. Code Ann. §§ 40-35-102(1) and 103(2)).

A review of the sentencing transcript reveals that the defendant was on probation for aggravated assault at the time he committed the present offenses, which is a proper basis for imposing consecutive sentences. Tenn. Code Ann. § 40-35-115(b)(6). The sentencing transcript readily reflects that the trial court entered its judgment requiring the defendant to serve his sentences consecutively based upon this factor. The judgment of the trial court imposing consecutive sentences was, therefore, proper.

## CONCLUSION

Based upon our review of the trial record, sufficient evidence was presented at trial to find the defendant guilty of two counts of aggravated robbery. Further, the trial court was proper in entering a judgment requiring the defendant to serve his sentences consecutively. The judgment of the trial court is affirmed.

_____
JOE G. RILEY, JUDGE